USDC SCAN INDEX SHEET

MEG    7/13/00    16:13
3:00-CV-00386    SAWGRASS SYSTEMS INC V. CORPORATE COPY
*18*
*ANS.*

1  Steele N. Gillaspey, Esq. [145935]
   *LATURNO GRAVE & GILLASPEY, APC*
2  225 Broadway, Suite 1530
   San Diego, California 92101
3  Telephone:  [619] 234-3323
   Facsimile:  [619] 234-1331
4
   Attorney for Defendants

00 JUL 12 AM 9:01

BY: *[signature]* DEPUTY

**UNITED STATES DISTRICT COURT
IN AND FOR THE SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SAWGRASS SYSTEMS INC., a South Carolina Corporation, <br><br>　　　　　Plaintiff, <br><br>　　　v. <br><br>CORPORATE COPY, a Tennessee corporation; PERSONAL DESIGN CONCEPTS, a Washington corporation <br><br>　　　　　Defendants | Case No. 00 CV 0386 L [NLS] <br><br>***DEFENDANT CORPORATE COPY AND PERSONAL DESIGN CONCEPTS ANSWER TO COMPLAINT*** <br><br><br><br><br>*Honorable M. James Lorenz* <br>*Honorable Nita L. Stormes* |

///

///

///

///

---

*SAWGRASS vs. CORPORATE COPY, et al*　　　　　　　　　　　　　　　　　　　　　*ANSWER TO COMPLAINT*

ORIGINAL

1  *COMES NOW* defendants CORPORATE COPY and PERSONAL DESIGN CONCEPTS, who for themselves and no other defendants, responds to the Complaint by SAWGRASS SYSTEMS INCORPORATED, and admits, denies and alleges as follows:

2  1.  CORPORATE COPY and PERSONAL DESIGN CONCEPTS, [hereinafter DEFENDANTS], admit that jurisdiction for the instant Complaint is founded upon *28 USC §§ 1331, 1332, 1338(a)* and *1367(a)*. Except as expressly admitted herein, DEFENDANTS deny the allegations of ¶ 1.

3  2.  DEFENDANTS admit that Plaintiff claims that Venue is proper in the Court under *28 USC §§ 1391* and *1400*. Except as expressly admitted herein, DEFENDANTS deny the allegations of ¶ 2.

4  3.  DEFENDANTS admit that SAWGRASS SYSTEMS INC., [hereinafter SAWGRASS], is a South Carolina corporation with its principal place of business in Mount Pleasant, South Carolina. Except as expressly admitted herein, DEFENDANTS deny the allegations of ¶ 3.

5  4.  Defendant CORPORATE COPY admits that it is a Tennessee corporation, and that it maintains its principal place of business in Memphis Tennessee. Except as expressly admitted herein, DEFENDANTS deny the allegations of ¶ 4.

6  5.  Defendant CORPORATE COPY states that TOM PEASE was dismissed from the action and that no response is necessary. Except as expressly admitted, CORPORATE COPY denies the averments or any inference generally or specifically arising from any averment as alleged in ¶ 5.

7  6.  Defendant PERSONAL DESIGN CONCEPTS admits that it is a Washington corporation, and that it maintains its principal place of business in Pierce County Washington. Except as expressly admitted herein, DEFENDANTS deny the allegations of ¶ 6.

8  7.  Defendant PERSONAL DESIGN CONCEPTS states that DON BURNETT was dismissed form the action and that no response is necessary. Except as expressly admitted, DEFENDANTS deny the averments or any inferences generally or specifically arising from any averment as alleged in ¶ 7.

9  8.  A directional allegation not requiring a response.

9. DEFENDANTS deny the allegations contained in ¶ 9.

10. DEFENDANTS admit the generalized description of the well known sublimation ink and methods. To the extent plaintiff claims ownership rights to said inks and/or methods, enforceable against defendants, defendants deny any such allegations.

11. DEFENDANTS deny the allegations of ¶ 11, specifically as to any inference of valid or enforceable patents as claimed.

12. DEFENDANTS admit that plaintiff filed the patent claims described and patents were issued and assigned pursuant to the records. DEFENDANTS deny any allegations or inference of validity and/or enforceable patent rights as claimed.

13. DEFENDANTS admit that plaintiff filed the patent claims described in U.S. Patent No. 5,487,614 and that patents were issued and assigned pursuant to the records. DEFENDANTS deny any allegations or inference of validity and/or enforceable patent rights as claimed.

14. DEFENDANTS admit that plaintiff filed the patent claims described in U.S. Patent No. 5,488,907 and that patents were issued and assigned pursuant to the records. DEFENDANTS deny any allegations or inference of validity and/or enforceable patent rights as claimed.

15. DEFENDANTS admit that plaintiff filed the patent claims described and patents were issued and assigned pursuant to the records. DEFENDANTS deny any allegations or inference of validity and/or enforceable patent rights as claimed.

16. DEFENDANTS admit that plaintiff filed the patent claims described in U.S. Patent No. 5,601,023 and that patents were issued and assigned pursuant to the records. DEFENDANTS deny any allegations or inference of validity and/or enforceable patent rights as claimed.

17. DEFENDANTS admit that plaintiff filed the patent claims described in U.S. Patent No. 5,640,180 and that patents were issued and assigned pursuant to the records. DEFENDANTS deny any allegations or inference of validity and/or enforceable patent rights as claimed.

18. DEFENDANTS admit that plaintiff filed the patent claims described in U.S. Patent No. 5,642,141 and that patents were issued and assigned pursuant to the records. DEFENDANTS deny any allegations or inference of validity and/or enforceable patent rights as claimed.

///

19. DEFENDANTS admit that plaintiff filed the patent claims described in U.S. Patent No. 5,734,396 and that patents were issued and assigned pursuant to the records. DEFENDANTS deny any allegations or inference of validity and/or enforceable patent rights as claimed.

20. DEFENDANTS admit that plaintiff filed the patent claims described in U.S. Patent No. 5,830,263 and that patents were issued and assigned pursuant to the records. DEFENDANTS deny any allegations or inference of validity and/or enforceable patent rights as claimed.

21. Defendant CORPORATE COPY states that TOM PEASE was dismissed from the action. Except as expressly admitted, CORPORATE COPY denies the averments, specifically any claim or inference of patent validity or infringement.

22. DEFENDANTS admit that plaintiff claims that CORPORATE COPY"S sale of inks allegedly infringe the Sawgrass patents. CORPORATE COPY denies any allegation or inference of valid and/or enforceable patent rights as claimed. CORPORATE COPY states that TOM PEASE was dismissed from the action.

23. DEFENDANTS deny ¶ 23 as pled.

24. Defendant CORPORATE COPY denies the allegations contained in ¶ 24 of the Complaint. Except that defendant sells product marked sublibrite.

25. Defendant PERSONAL DESIGN CONCEPTS admits that it uses sublimation ink in its business, and has purchased Sawgrass ink, but otherwise denies the allegations contained in ¶ 25 of the Complaint.

26. Defendant PERSONAL DESIGN CONCEPTS admits that Sublimation Resources, a San Diego Company is engaged in a patent infringement suit currently pending in this Judicial District, but denies any claim or inference of infringement.

27. Defendant PERSONAL DESIGN CONCEPTS admits that several conversations between Messrs. Burnett and Hale took place, but otherwise denies the allegations contained in ¶ 27 of the Complaint.

28. Defendant PERSONAL DESIGN CONCEPTS admits that it purchased and used sublimation inks from Sublimation Resources.

29. DEFENDANTS deny the averments contained in ¶ 29 of the Complaint.

30. DEFENDANTS admit plaintiff claims alternative pleading.

31. DEFENDANTS respond to ¶ 31 by realleging and incorporating its responses to ¶'s 1 through 30 as though set forth at length herein.

32. DEFENDANTS deny the averments contained in ¶ 32 of the Complaint.

33. DEFENDANTS deny the averments contained in ¶ 33 of the Complaint.

34. DEFENDANTS deny the averments contained in ¶ 34 of the Complaint.

35. DEFENDANTS deny the averments contained in ¶ 35 of the Complaint.

36. DEFENDANTS respond to ¶ 36 by realleging and incorporating its responses to ¶'s 1 through 35 as though set forth at length herein.

37. Defendant CORPORATE COPY denies the averments contained in ¶ 37 of the Complaint, specifically any claim or inference of patent validity or infringement.

38. Defendant CORPORATE COPY denies the averments contained in ¶ 38 of the Complaint, specifically that any license or authorization is required.

39. Defendant CORPORATE COPY denies the averments contained in ¶ 39 of the Complaint.

40. Defendant CORPORATE COPY denies the averments contained in ¶ 40 of the Complaint.

41. Defendant CORPORATE COPY denies the averments contained in ¶ 41 of the Complaint.

42. Defendant CORPORATE COPY denies the averments contained in ¶ 42 of the Complaint.

43. DEFENDANTS respond to ¶ 43 by realleging and incorporating its responses to ¶'s 1 through 42 as though set forth at length herein.

44. Defendant CORPORATE COPY denies the averments contained in ¶ 44 of the Complaint, specifically any averment or inference of validity or infringement.

45. Defendant CORPORATE COPY denies the averments contained in ¶ 45 of the Complaint.

///

46.   Defendant CORPORATE COPY denies the averments contained in ¶ 46 of the Complaint.

47.   Defendant CORPORATE COPY denies the averments contained in ¶ 47 of the Complaint.

48.   Defendant CORPORATE COPY denies the averments contained in ¶ 48 of the Complaint.

49.   DEFENDANTS respond to ¶ 49 by realleging and incorporating its responses to ¶'s 1 through 48 as though set forth at length herein.

50.   Defendant CORPORATE COPY denies the averments contained in ¶ 50 of the Complaint.

51.   Defendant PERSONAL DESIGN CONCEPTS denies the averments contained in ¶ 51 of the Complaint.

52.   DEFENDANTS deny the averments contained in ¶ 52 of the Complaint.

53.   DEFENDANTS respond to ¶ 53 by realleging and incorporating its responses to ¶'s 1 through 52 as though set forth at length herein.

54.   DEFENDANTS deny the averments contained in ¶ 54 of the Complaint.

55.   DEFENDANTS deny the allegations or inferences of infringement and further deny rationale for an accounting as pled.

## *AFFIRMATIVE DEFENSES*

### *FIRST AFFIRMATIVE DEFENSE*

For a first, separate and affirmative defense, and without admitting any of the allegations of the Complaint, these answering Defendants are informed and believe, and based thereupon allege that the Complaint fails to state facts sufficient to constitute a cause of action against these answering Defendants.

### *SECOND AFFIRMATIVE DEFENSE*

For a second, separate and affirmative defense, and without admitting any of the allegations of the Complaint, these answering Defendants are informed and believe, and based thereupon allege that the averred Patents are invalid and unenforceable against these answering Defendants.

### THIRD AFFIRMATIVE DEFENSE

For a third, separate and affirmative defense, and without admitting any of the allegation of the Complaint, these answering Defendants are informed and believe, and based thereupon allege that the averred Patents are not infringed by these Answering Defendants.

### FOURTH AFFIRMATIVE DEFENSE

For a fourth, separate and affirmative defense, and without admitting any of the allegations of the Complaint, these answering Defendants are informed and believe, and based thereupon allege that the purported patents are non-statutory subject matter in accordance with, *inter alia, 35 USC § 101.*

### FIFTH AFFIRMATIVE DEFENSE

For a fifth, separate and affirmative defense, and without admitting any of the allegation of the Complaint, these answering Defendants are informed and believe, and based thereupon allege that the purported patents were anticipated in prior art in accordance with, *inter alia, 35 USC § 102.*

### SIXTH AFFIRMATIVE DEFENSE

For a sixth, separate and affirmative defense, and without admitting any of the allegations of the Complaint, these answering Defendants are informed and believe, and based thereupon allege that the purported patents are a derivation of an invention of another and/or a prior invention of another, in accordance with *inter alia, 35 USC §102[f], § 102[g].*

### SEVENTH AFFIRMATIVE DEFENSE

For a seventh, separate and affirmative defense, and without admitting any of the allegations of the Complaint, these answering Defendants are informed and believe, and based thereupon allege that the purported patents are and were obvious in accordance with, *inter alia, 35 USC § 103.*

### EIGHTH AFFIRMATIVE DEFENSE

For an eighth, separate and affirmative defense, and without admitting any of the allegations of the Complaint, these answering Defendants are informed and believe, and based thereupon allege that the purported patent is unenforceable on grounds of misuse of patents by SAWGRASS.

///

### NINTH AFFIRMATIVE DEFENSE

For a ninth, separate and affirmative defense, and without admitting any of the allegations of the Complaint, these answering Defendants are informed and believe, and based thereupon allege that the Complaint herein is barred by the *Doctrine of Laches.*

### TENTH AFFIRMATIVE DEFENSE

For a tenth, separate and affirmative defense, and without admitting any of the allegations of the Complaint, these answering Defendants are informed and believe, and based thereupon allege that all causes of action referred to in the Complaint are barred by the applicable *Statute of Limitations.*

### ELEVENTH AFFIRMATIVE DEFENSE

For a eleventh, separate and affirmative defense, and without admitting any of the allegations of the Complaint, these answering Defendants are informed and believe, and based thereupon allege that Complaintant claims, if any, are barred by the *Doctrine of Waiver.*

### TWELFTH AFFIRMATIVE DEFENSE

For a twelfth seventeenth, separate and affirmative defense, and without admitting any of the allegation of the Complaint, these answering Defendants are informed and believe, and based thereupon allege that these answering Defendants were not legally responsible in any fashion with respect to damages and injuries claimed in the Complaint.

### THIRTEENTH AFFIRMATIVE DEFENSE

For a thirteenth, separate and affirmative defense, and without admitting any of the allegations of the Complaint, these answering Defendants are informed and believe, and based thereupon allege that Complaintant has engaged in conduct and activities by reason of which he is estopped to assert any claim or demand against these Defendants.

### FOURTEENTH AFFIRMATIVE DEFENSE

For a fourteenth, separate and affirmative defense, and without admitting any of the allegations of the Complaint, these answering Defendants are informed and believe, and based thereupon allege that Complaintant's claims against these answering Defendants are barred by the *Doctrine of Unclean Hands.*

### *FIFTEENTH AFFIRMATIVE DEFENSE*

For a fifteenth, separate and affirmative defense, and without admitting any of the allegations of the Complaint, these answering Defendants are informed and believe, and based thereupon allege that under the existing known facts, Complaint's Complaint is vague, ambiguous and unintelligible. Based thereupon, Defendants may have additional, as yet unascertained, affirmative defenses. Defendants reserve the right to plead such additional affirmative defenses when they become ascertainable.

### *SIXTEENTH AFFIRMATIVE DEFENSE*

For a sixteenth, separate and affirmative defense to each and every cause of action contained in the Complaint, these answering Defendants reserve the right to raise additional affirmative defenses at time of trial.

### *SEVENTEENTH AFFIRMATIVE DEFENSE*

For a seventeenth, separate and affirmative defense to each and every cause of action contained in the Complaint, these answering Defendants are informed and believe, and based thereupon allege that this Honorable Court lacks *in personam* jurisdiction over these answering Defendants, that Venue is improper in this Jurisdiction, and that these answering Defendants reserve any and all rights to assert this affirmative defense.

///

///

///

///

*SAWGRASS vs. CORPORATE COPY, et al*   9   *ANSWER TO COMPLAINT*

**WHEREFORE**, these answering Defendants pray judgment of this Honorable Court as follows:

1. That Complaintant take nothing by way of its Complaint;

2. That the Complaint be dismissed with prejudice as to the Defendants;

3. That the subject matter patents be found invalid as a matter of law;

4. That the subject matter patents be found as unenforceable as against these answering defendants.

5. That Defendants be awarded their reasonable attorney's fees and costs in an amount to be proven at time of trial;

6. For costs of suit incurred herein; and

7. For such other and further relief as the Court may deem just and proper.

DATED: July 12, 2000

*LATURNO GRAVES & GILLASPEY*

By: _____
STEEPEN N. GILLASPEY, ESQ.
Attorney for Defendants.

Steele N. Gillaspey, Esq. [145935]
*LATURNO GRAVE & GILLASPEY, APC*
225 Broadway, Suite 1530
San Diego, California 92101
Telephone:  [619] 234-3323
Facsimile:  [619] 234-1331

Attorney for Defendants

**UNITED STATES DISTRICT COURT**
**IN AND FOR THE SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SAWGRASS SYSTEMS INC., a South Carolina Corporation,<br><br>Plaintiff,<br><br>v.<br><br>CORPORATE COPY, a Tennessee corporation; PERSONAL DESIGN CONCEPTS, a Washington corporation<br><br>Defendants | Case No. 00 CV 0386 L [NLS]<br><br>***PROOF OF SERVICE BY MAIL***<br><br><br><br><br><br>*Honorable M. James Lorenz*<br>*Honorable Nita L. Stormes* |

///

///

///

///

*SAWGRASS vs. CORPORATE COPY, et al*     *POS BY MAIL*

ORIGINAL

## *STATE OF CALIFORNIA, COUNTY OF SAN DIEGO*

I, the undersigned, do declare and state that I am employed in the county aforesaid; that I am over the age of eighteen [18] years and not a party to the within entitled action; and that I am executing this proof at the direction of a member of the bar of the above entitled Court. The business address is:

> LATURNO GRAVES & GILLASPEY
> 225 Broadway, Suite 1530
> San Diego, California   92101

I am readily familiar with the business' practice for collection and processing of correspondence for mailing via the United States Postal Service and that the documents would be deposited with the United States Postal Service for collections that same day in the ordinary course of business. On the date indicated below, I served the within:

1. ***Defendant CORPORATE COPY and PERSONAL DESIGN CONCEPTS Answer to Plaintiff's Complaint***

by placing a true copy thereof enclosed in a sealed envelope certified mail, return receipt requested, with postage thereon fully prepaid for collection and mailing in the United States mail, in the ordinary course of business at the above business address, which envelope was addressed as follows:

> *Gregory P. Goonan*
> *BARNHORST SCHREINER & GOONAN*
> *550 West C Street, Suite 1350*
> *San Diego, California 92101*

I declare under penalty of perjury, under the laws of the United States, that the foregoing is true and correct. **EXECUTED** on July 12, 2000 at San Diego, California.

J. D. ZAMORA

*SAWGRASS vs. CORPORATE COPY, et al*          2          *POS BY MAIL*